IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Thaddius Roach (#2013-0918093), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 2198 |
| | ) | |
| Sgt. Edwards, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thaddius Roach ("Plaintiff"), a pretrial detainee at the Cook County Jail, brought this 42 U.S.C. §1983 action against Correctional Sergeant Edwards ("Defendant"), claiming that Defendant subjected him to excessive force while handcuffing him for several rules violations. Before the Court is Defendant's motion for summary judgment. Defendant contends that summary judgment is appropriate because Plaintiff failed to exhaust administrative remedies before filing this federal lawsuit. For the reasons discussed below, the Court grants Defendant's motion for summary judgment.

**Background**

**A.     Northern District of Illinois Local Rule 56.1**

Under Local Rule 56.1(a)(3), as well as Rule 56(c), the moving party must provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The opposing party must then "file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)

(citing N.D. Ill. R. 56.1(b)(3)(B)). The opposing party may also present a separate statement of additional facts that requires the denial of summary judgment. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008). A court may consider to be true any uncontested fact in the movant's Rule 56.1 Statement that is supported by the record and not addressed by the opposing party. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *see also* Fed. R. Civ. P. 56(e)(2); Local Rule 56.1(b)(3)(C). A plaintiff's *pro se* status does not excuse him from complying with these rules. *Greer v. Bd. of Educ. of City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure"). Local Rule 56.1 "is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted).

Consistent with the Local Rules, Defendant filed a statement of uncontested material facts along with his motion for summary judgment. (*See* Defs. Stmt. of Fact, Dkt. No. 30 ("SOF").) Each substantive assertion of fact in the Local Rule 56.1(a)(3) statement is supported by evidentiary material in the record. Also consistent with the Local Rules, Defendant filed and served on Plaintiff a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1. *See* Dkt. No. 33.

In response, Plaintiff filed a 34-page response to Defendant's motion for summary judgment. (*See* Pl. Mem. of Law, Dkt. No. 39 ("Pl. Mem. of Law"). Plaintiff's response consists of a three-page "memorandum of law", (Pl. Mem. of Law at pp. 1-2), and thirty-one pages of exhibits, (Pl. Mem. of Law at pp. 4-34). Plaintiff did not, however, respond to Defendant's Local

Rule 56.1(a)(3) statement of uncontested material facts. Accordingly, the facts set forth in Defendant's Local Rule 56.1(a)(3) statement are deemed admitted. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol–Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); *Smith v. Lamz*, 321 F.3d 680, 682–83 (7th Cir. 2003).

With the above standards in mind, the Court turns to the facts of this case and will incorporate Plaintiff's references to his exhibits so long as they would be admissible at trial and provide additional facts relevant to the Court's analysis. The Court, however, will not dig through Plaintiff's filing in an effort to independently identify disputed issues of fact. *See Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007) ("In considering a motion for summary judgment, the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies.").

**B.     Relevant Undisputed Facts**

On November 1, 2013, an incident occurred between Defendant and Plaintiff resulting in issuance of a disciplinary ticket charging Plaintiff with refusing an order to lock up, disobeying orders from staff, and resisting Defendant's effort to restrain him. (Pl. Mem. of Law, Ex. A2; SOF, Ex. B at 46-53.) On November 7, 2013, Plaintiff was found guilty of the charges. (Pl. Mem. of Law at Ex. A2.) As punishment, Plaintiff served 45 days in segregation. (SOF, Ex. B at 64.)

On June 16, 2014, Plaintiff filed his complaint in this Court, raising a single claim of excessive force. Plaintiff testified at his deposition that as Defendant handcuffed him following the incident, Defendant pushed his head against a concrete wall, bruising him and cutting his left eye. (SOF, Ex. B at 54.) He also testified that Defendant handcuffed him too tightly, also resulting in bruising as well as loss of circulation to his hand. (SOF, Ex. B at 55.)

The Cook County Jail has an established process for detainee grievances, the "Detainee Grievance Procedure" Sheriff's Order 11.14.5.0, which was available to Plaintiff at all times. (SOF ¶¶ 17-18.) Of relevance here, it provides that a detainee must properly file a grievance within 15 days of the alleged grievable offense, and appeal the grievance response within 14 days from receipt of the response. (SOF ¶ 20.) At all relevant times, Plaintiff was familiar with the grievance process and knew that if he had a complaint about his conditions of confinement or jail personnel, he needed to fill out a grievance. (SOF ¶¶ 5-6.) Except for during his time in segregations, grievance forms were available to Plaintiff throughout his incarceration. (SOF ¶ 11.)

Defendant conducted a search, by Plaintiff's inmate number, for grievances he has filed; the search produced no grievances for the year 2013 and 14 grievances for the year 2014. (SOF ¶ 21.) Plaintiff also produced copies of some grievances that he had filed. (Pl. Mem. of Law at Ex. A3.) None of the grievances produced by either party, however, relate to the November 2013 incident between Plaintiff and Defendant; instead, they raise complaints about jail conditions, the handling of Plaintiff's mail, and an alleged refusal to give Plaintiff his gym shoes. (SOF, Ex. C; Pl. Mem. of Law, Ex. A3.)

Plaintiff nonetheless testified at his deposition that he did file a grievance about his incident with Defendant one week after it occurred. (SOF ¶ 10.) Plaintiff testified that in this

4

missing grievance, he complained only that he had not committed the rules violation he was charged with and should not be placed in segregation:

> Q: What particularly about the incident with Sergeant Edwards did you put in the grievance?
> A: Based on how could they accuse me of assaulting a sergeant, and I was in the hole basically for nothing, I never assaulted this guy.
> Q: So you were denying assaulting him –
> A. Yes, ma'am.
> Q: Anything else?
> A: That's it.

(SOF, Ex. B at 62-63.) Plaintiff testified that he did nothing to follow up on the grievance since he had then already been placed in segregation. (SOF, Ex. B at 65.)

Plaintiff further testified that he did not complain about Defendant's alleged use of excessive force in the missing grievance, but instead raised that complaint only in response to his disciplinary ticket:

> Q. Okay. So anything relating to how Sergeant Edwards treated you, you put in the disciplinary ticket –
> A. Yes.
> Q. -- is that correct?
> A. Yes, ma'am.
> Q. But the grievance, that was relating to the fact that you should not have been in segregation?
> A. Yes, ma'am.
> Q. It wasn't relating to any excessive force or anything by Sergeant Edwards?
> A. No.
> Q. So the grievance that we are missing is simply relating to you being in segregation, you didn't think that you should be?
> A. Yes, ma'am.
> Q. Okay.
> A. And I should not have been charged with whatever they say I did, I should not have been charged with it.
> Q. So you should not have been charged with any type of assault on Sergeant Edwards?
> A. Yes, ma'am.

> Q. But the grievance does not have anything relating to Sergeant Edwards's treatment of you?
> A. No.
> Q. Okay. So would it be fair to say that there's no grievances regarding how Sergeant Edwards treated you, just the disciplinary ticket?
> A. Just the disciplinary ticket, yeah.

(SOF, Ex. B at 78-79.)

Finally, in March 2014, Plaintiff filed a complaint with the Sheriff of Cook County's Office of Professional Review regarding Defendant. (Pl. Mem. of Law, Ex. A2; SOF, Ex. B at 73-75.) Plaintiff testified that like in the missing grievance, he stated in this complaint that he did not assault Defendant. (Pl. Mem. of Law, Ex. A2; SOF, Ex. B at 73-75.)

## Discussion

Defendant moves for summary judgment on one basis: that Plaintiff failed to exhaust administrative remedies concerning his claim that Defendant subjected him to excessive force. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the context of a defense of failure to exhaust administrative remedies, where there are disputed issues of material fact relating to the issue of whether a prisoner has exhausted administrative remedies, a court must hold an evidentiary hearing before resolving those factual disputes. *Pavey v. Conley,* 544 F.3d 739, 742 (7th Cir. 2008). But no hearing is needed where the dispute is immaterial. *See, e.g., Golden v. Stutleen*, 535 F. Appx. 526, 527 (7th Cir. 2013) (affirming grant of summary judgment for defendants based on plaintiff's failure to exhaust despite fact disputes because there was no exhaustion "even if the district court found the facts to be as [Plaintiff] contends"). As will be seen here, although there is a fact dispute about whether the Plaintiff filed a grievance concerning the incident with the Defendant, the dispute is not material; even resolving

6

the disputes in Plaintiff's favor, Defendant has established that Plaintiff failed to exhaust the available administrative remedies.

The Prisoner Litigation Reform Act requires the exhaustion of "administrative remedies as are available." 42 U.S.C. § 1997e(a). An inmate must use "'all steps that the agency holds out,' and he must "do[] so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). Because "the primary purpose of a grievance is to alert prison officials to a problem," *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (internal citations and quotation marks omitted), the prisoner's grievance must include enough information to alert the prison officials of the wrong for which the prisoner seeks redress, *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). The burden of proof is on the defendant to demonstrate the prisoner failed to exhaust his administrative remedies. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

In this case, none of the numerous grievances filed by Plaintiff that the parties located relate to the incident with Defendant. Plaintiff testified, however, that he did file a grievance relating to the incident with Defendant and the Plaintiff's own testimony is sufficient to create an issue of fact. Resolving this fact issue in Plaintiff's favor, however, does not defeat the Defendant's claim that Plaintiff failed to exhaust. Accepting as true for the purposes of summary judgment Plaintiff's testimony that he did file a grievance regarding the incident that went missing, it remains undisputed that the subject matter of the missing grievance – as testified to by Plaintiff himself – did not include a claim that Defendant employed excessive force during the incident.

7

Plaintiff testified that in his grievance, he complained *only* that he had not committed the rules violation he was charged with and should not be in segregation. Plaintiff testified explicitly, repeatedly, and without equivocation that he did *not* complain about Defendant's alleged use of excessive force in the missing grievance. The jail therefore did not have an opportunity to address the issue Plaintiff complains about in this federal lawsuit before Plaintiff filed suit. *See Stites v. Mahoney*, 594 F. App'x 303, 305 (7th Cir. 2015) (explaining that the one grievance that the plaintiff properly exhausted had nothing to do with the issues raised by the federal lawsuit and thus plaintiff failed to exhaust his administrative remedies on the issues before the court).

Plaintiff did testify that he raised Defendant's use of force against him when Plaintiff responded to his disciplinary ticket, but that does not constitute exhaustion because it did not give the jail a fair opportunity to address the claim. *See Pavey,* 663 F.3d at 905. Plaintiff failed to advise the relevant decision makers about his claim. *See Taylor v. Van Lanen*, No. 11-C-249, 2011 WL 4344233, at *1 (E.D. Wis. Sept. 14, 2011) (concluding that inmate who raised complaint during appeal of discipline rather than through grievance had failed to exhaust). "The purpose of disciplinary proceedings is to assess the conduct of the inmate, not that of the prison staff." *Id. See also Chavis v. Goord,* 2007 WL 2903950, *9 (N.D.N.Y. 2007) (citing *Woodford,* 548 U.S. at 95) ("While the mention of a constitutional claim during plaintiff's disciplinary hearing could potentially have satisfied his substantive exhaustion requirement by virtue of his having notified prison officials of the nature of his claims, he did not fulfill his procedural exhaustion requirement by 'compl[ying] with the system's critical procedural rules.'"). On the particular facts of this case, Plaintiff raising the excessive-force complaints in the context of his disciplinary proceedings was especially ineffectual because the alleged use of force occurred *after* the charged disciplinary

infractions did, and thus the disciplinary committee need not have addressed Plaintiff's excessive-force allegations at all in order to adjudicate his disciplinary ticket.

Plaintiff asserts in his Response Memorandum – contrary to his deposition testimony – that the grievance he filed about the incident with Defendant stated that Defendant used too much pressure when handcuffing him and he received bruises as a result. (Pl. Mem. of Law at 2.) Plaintiff's statements in his Response Memorandum are not evidence. *See United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010); *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) ("[A] plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). Moreover, even if Plaintiff had submitted an affidavit attesting to the above, a party, generally speaking, cannot avoid summary judgment by submitting an affidavit that conflicts with earlier unambiguous deposition testimony. *See Slowiak v. Land O'Lakes, Inc.,* 987 F.2d 1293 (7th Cir. 1993); *Diliberti v. U.S,* 817 F.2d 1259, 1263 (7th Cir. 1987) ("a party cannot create a genuine issue of fact by submitting an affidavit containing conclusory allegations which contradict plain admissions in prior deposition or otherwise sworn testimony."); *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 861–62 (7th Cir. 1985); *Miller v. A.H. Robins Co.,* 766 F.2d 1102, 1104 (7th Cir. 1985). The Court concludes, therefore, that Plaintiff has not created a disputed issue of fact as to whether the grievance addressed excessive force.

Accordingly, Defendant is entitled to summary judgment due to Plaintiff's failure to exhaust available remedies on the claim brought in this lawsuit. Although the time for submitting a grievance has expired under the jail's policies, the dismissal of Plaintiff's claim is without prejudice, as this Court does not rule on whether a state court would apply an exhaustion requirement similar to that of 42 U.S.C. § 1997e(a) with respect to Plaintiff's claims. *See Ford v.*

9

*Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("all dismissals under § 1997e(a) should be without prejudice"). As such, the Court's ruling does not preclude Plaintiff from pursuing any relief that may be available to him through state court. But by operation of 42 U.S.C. § 1997e(a), Plaintiff has no further recourse in federal court. The dismissal therefore constitutes a final appealable order. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (explaining that order dismissing section 1983 claim for failure to exhaust administrative remedies is appealable where there are no further remedies that plaintiff can pursue); *Barnes v. Briley*, 420 F.3d 673, 676-77 (7th Cir. 2005) (same).

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. See Fed. R. App. P. 24(a)(1).

Date: 9/3/15              /s/ John J. Tharp, Jr.
                          United States District Judge